Opinion issued September 21, 2006














In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00768-CR
          01-06-00769-CR
____________

TYRONE LLOYD FRAZIER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1023438 and 1023440



 
MEMORANDUM OPINION
               We lack jurisdiction to hear these appeals. The trial court sentenced
appellant, Tyrone Lloyd Frazier, and signed a final judgment in each case on April
27, 2006. Because appellant did not file a motion for new trial in either case, the
deadline for filing notices of appeal was 30 days after sentencing. See Tex. R. App.
P. 26.2(a)(1). Because this deadline fell on a Saturday, May 27, and the next business
day, May 29, was a holiday, the actual deadline for filing the notices of appeal was
May 30, 2006. See Tex. R. App. P. 4.1(a), 26.2(a)(1).

               Appellant filed a notice of appeal in each case on June 6, 2006, seven days
after the deadline. The notices of appeal were deposited in the United States mail on
June 2, 2006, according to the postmark on the copy of the envelope included in the
clerk’s record. Because the notices of appeal were mailed after the filing deadline,
they did not comply with the “mailbox rule.” See Tex. R. App. P. 9.2(b). Although
the notices of appeal were filed within the 15-day time period for filing a motion for
extension of time to file notice of appeal, no such motions for extension of time were
filed. See Tex. R. App. P. 26.3.

               An untimely notice of appeal fails to vest an appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

               We also note, that the trial court’s certification of appellant’s right to appeal
in each case states that this is a plea-bargained case and appellant has no right to
appeal. The record supports the certifications. We must dismiss an appeal if the trial
court’s certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d). 
In addition, appellant waived his right to appeal. See Buck v. State, 45 S.W.3d 275,
278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               We therefore dismiss the appeals for lack of jurisdiction.

               All pending motions are denied as moot.

               It is so ORDERED.

PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).