Opinion issued January 17, 2008









In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00988-CR

____________


QUINCY LAMONT TENNON, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 797198






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
Quincy Lamont Tennon, and signed a final judgment in this case on July 9, 1999. 
The trial court's judgment became final 30 days after sentencing on August 9, 1999
because the thirtieth day following the judgment fell on a weekend. See Tex. R. App.
P. 4.1(a).

 Appellant did not file a motion for new trial, and therefore the deadline for
filing a notice of appeal was August 9, 1999. See Tex. R. App. P. 4.1(a), 26.2(a)(1). 
On November 1, 2007, appellant filed a notice of appeal. Appellant's pro se notice
of appeal, was filed 3,006 days after the deadline.

 An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.--Houston [1st Dist.] 1999, no pet.).

 We note that neither the trial court nor this Court has authority to grant an
out-of-time appeal. The exclusive post-conviction remedy in final felony convictions
in Texas courts is through a writ of habeas corpus pursuant to article 11.07 of the
Code of Criminal Procedure. Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243
(Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2007).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 It is so ORDERED.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Bland.

Do not publish. Tex. R. App. P. 47.2(b).