Opinion issued February 28, 2008 

 



 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00822-CR 

____________


 KENDRICK EARL EDWARDS, Appellant


V.


THE STATE OF TEXAS, Appellee








On Appeal from the 400th District Court 

Fort Bend County, Texas

Trial Court Cause No. 39842







MEMORANDUM OPINION


 We are without jurisdiction to entertain this appeal. Appellant, Kendrick Earl
Edwards, was convicted by jury of the offense of aggravated robbery. The trial court
sentenced appellant, and signed a final judgment on November 28, 2005. Appellant
did not file a motion for new trial in this case, and therefore the deadline for filing a
notice of appeal was December 28, 2005, 30 days after sentencing. See Tex. R. App.
P. 26.2(a)(1). 

 Appellant filed a notice of appeal, on September 18, 2007, 629 days after the 
deadline for filing his notice of appeal. On November 28, 2007 appellant filed a
motion to extend time to file a notice of appeal. 

 An appellate court may extend the time to file the notice of appeal if, within 15
days after the deadline for filing the notice of appeal, the party files the notice of
appeal in the trial court and files a motion to extend time to file the notice of appeal
in the appellate court. Tex. R. App. P. 26.3. Additionally, the Court of Criminal
Appeals has held that the appellate courts lack jurisdiction to hear the case unless
both the notice of appeal and the motion to extend time are filed within the prescribed
fifteen-day time period after the deadline for filing a notice of appeal. Slaton v. State,
981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998).

 The deadline for appellant to file a notice of appeal was December 28, 2005,
and, therefore the deadline to file a motion to extend time was January 12, 2006. 
Both appellant's notice of appeal and his motion to extend were filed more than 15
days after the December 28, 2005 deadline and are untimely. Appellant's motion to
extend time to file his notice of appeal is denied. 

 The trial court's judgment became final on November 28, 2005. See Tex. R.
App. P. 26.2(a)(1). See Tex. R. App. P. 21.4(a), 22.3, 26.2(a). An untimely notice of
appeal fails to vest the appellate court with jurisdiction to hear the case. Slaton v.
State, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996); Douglas v. State, 987 S.W.2d 605, 605-06 (Tex.
App.--Houston [1st Dist.] 1999, no pet.).

 Even if we were to construe appellant's late notice of appeal filed on
September 18, 2007, as a motion for an out-of-time appeal, neither this Court nor the
trial court has authority to grant an out-of-time appeal. The exclusive post-conviction
remedy in final felony convictions in Texas courts is through a writ of habeas corpus
pursuant to article 11.07 of the Code of Criminal Procedure. Tex. Code Crim. Proc.
Ann. Art. 11.07 (Vernon Supp. 2007); See Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex. Crim. App. 1991). The appeal in cause number 39842 is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).