Opinion issued April 16, 2009 









In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00092-CR

____________


DEMITRIAS DEMOND COLEMAN, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 177th District Court 

Harris County, Texas

Trial Court Cause No. 1064265






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
Demitrias Demond Coleman, and signed a final judgment in this case on July 18,
2006, and therefore the deadline for filing a notice of appeal was August 17, 2006,
30 days after sentencing. See Tex. R. App. P. 26.2(a)(1). Because no motion for new
trial, motion in arrest of judgment, or notice of appeal was filed, the trial court's
judgment also became final 30 days after sentencing. See Tex. R. App. P. See Tex.
R. App. P. 4.1(a), 21.4(a), 22.3, 26.2(a). 

 Appellant filed an untimely notice of appeal on February 5, 2009, 900 days
after the deadline. An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 
Neither the trial court nor this Court has authority to grant an out-of-time appeal. The
exclusive post-conviction remedy in final felony convictions in Texas courts is
through a writ of habeas corpus pursuant to article 11.07 of the Code of Criminal
Procedure. Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App.
1991); Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).

 We therefore dismiss the appeal for lack of jurisdiction.

 All pending motions are denied as moot.

 It is so ORDERED.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Alcala and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).