**Michael Anthony DOUGLAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00885–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1999.

Michael Anthony Gouglass, Huntsville, for appellant.

John B. Holmes, Houston, Calvin Hartmann, Houston, for appellee.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

We are without jurisdiction to entertain this appeal. Appellant was sentenced by the trial judge on June 10, 1998. No motion for new trial was filed. The deadline for filing notice of appeal was July 10, 1998. *See* TEX.R.APP.P. 26.2. Appellant mailed a pro se notice of appeal, postmarked July 3, 1998, to the Fourteenth Court of Appeals. According to Texas Rule of Appellate Procedure 25.2(b)(1), notice of appeal must be filed with the trial court clerk.[1] The notice of appeal was not filed in the trial court until July 14, 1998, four days after it was due. *See* TEX. R.APP .P. 25.2(b)(1).[2]

Although the notice of appeal was filed in the trial court within the 15–day time period for filing a motion for extension of time to file notice of appeal, no motion for extension of time was filed. *See* TEX.R.APP.P. 26.3. This was precisely the situation presented in *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim.App.1996). There the court held:

> When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction.

---

1. Texas Rule of Appellate Procedure 9.2(b) provides that a mailed document received within 10 days after the filing deadline is considered timely filed if, among other things, it was sent *to the proper clerk and properly addressed*. *See* TEX. R.APP.P. 9.2(b)(1)(A), (B) (emphasis added). However, neither was done in this case.

2. The difference in approach of the Texas Supreme Court and the Texas Court of Criminal Appeals is reflected in the amended Rules of Appellate Procedure. Rule 25.1 provides that in civil cases "[i]f a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice." There is no similar provision for criminal cases. *Compare* TEX.R.APP.P. 25.1(a) *with* TEX.R.APP.P. 25.2(a), (b).

*Id.* at 523. The court held that a court of appeals could not utilize the rule-suspension provision of former rule 2(b)[3] or former rule 83[4] to obtain jurisdiction, even though the Texas Supreme Court has followed a more liberal policy. *Id.* at 523–24.

The Court of Criminal Appeals recently held that its decision in *Olivo* was unchanged by the revisions to the Texas Rules of Appellate Procedure. *Slaton v. State*, 981 S.W.2d 208, 209 (Tex.Crim.App.1998). The court confirmed that "the rationale in *Olivo* is still valid." *Id.*, at 210.

After the issuance of *Olivo*, the Texas Supreme Court issued its opinion in *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex.1997). In *Verburgt*, the court held that a motion for extension of time was implied when a party, acting in good faith, filed an instrument to perfect an appeal within the 15–day period permitted by former rule 41(a)(2)[5] for the filing of a motion for extension. *Id.* at 615. The court observed that in dismissing Verburgt's appeal, the court of appeals relied largely upon the Court of Criminal Appeals' *Olivo* opinion, and wrote, "the Court of Criminal Appeals itself recognized in *Olivo* that its approach to the perfection of appeals in criminal cases has differed significantly from our more liberal approach." *Id.* at 616. Thus, the two highest appellate courts in the state have taken divergent paths concerning perfection of appellate jurisdiction.

However, as the Dallas Court of Appeals acknowledged in *Boyd v. State*, 971 S.W.2d 603, 606 (Tex.App.—Dallas 1998, no pet. h.), the Court of Criminal Appeals' decision must be followed in criminal cases, despite the *Verburgt* opinion. The Dallas court noted:

> We recognize that the Texas Supreme Court has recently held that the filing of a perfecting instrument within the fifteen-day period after the date it was due implied the request for an extension. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). However, because this case

involves an appeal from a criminal conviction, we are bound by the Texas Court of Criminal Appeals and *Olivo*. And, in *Olivo*, the court of criminal appeals specifically held that both the notice of appeal and extension motion had to be filed within the fifteen-day period. *See Olivo*, 918 S.W.2d at 523.

We conclude, therefore, that rule 2 cannot be used to suspend the time requirements of rules 26.2 and 26.3 for filing the notice of appeal and extension motion. *See Olivo*, 918 S.W.2d at 523. Thus, we conclude appellant's notice of appeal is untimely and this Court lacks jurisdiction to dispose of the appeal in any manner but to dismiss it for lack of jurisdiction. *See Olivo*, 918 S.W.2d at 523.

Accordingly, because the notice of appeal was neither timely filed in the trial court nor properly addressed and mailed to the trial court clerk, and because it was unaccompanied by a motion for extension of time, we are bound to follow *Olivo* and dismiss this appeal for lack of jurisdiction.

The appeal is therefore **dismissed.**

All pending motions are **overruled.**

It is so **ORDERED.**

Justice MIRABAL dissenting.

MIRABAL, JUSTICE, dissenting.

I dissent.

In this case, the deadline for filing the notice of appeal in the trial court was Friday, July 10, 1998. The pro se appellant mailed his notice of appeal on July 3, 1998, to:

Clerk of Court

1307 San Jacinto 11th Floor

Houston, Texas 77002

On Monday, July 6, 1998, the Fourteenth Court of Appeals stamped the notice of appeal as "Received." The Fourteenth Court

---

**3.** Tex.R.App.P. 2(b), 11 Tex.Reg.1939 (Tex.Crim. App.1986, amended 1997); *see now* Tex.R.App.P. 2.

**4.** Tex.R.App.P. 83, 11 Tex.Reg.2004 (Tex.Crim. App.1986, amended 1997); *see now* Tex.R.App.P. 44.3.

**5.** Tex.R.App.P. 41(a)(2), 49 Tex.B.J. 566 (Tex.1986, amended 1997); *see now* Tex.R.App.P. 26.3.

of Appeals then sent the notice of appeal to the district clerk of Harris County, who file-stamped the notice of appeal as "Filed" on Tuesday, July 14, 1998.

A reasonable inference from this record is that the Fourteenth Court of Appeals mailed the notice of appeal, addressed to the proper clerk, on or before the last day for filing, Friday, July 10, 1998. Therefore, because the notice of appeal was received by the proper clerk on July 14, which was within ten days after the filing deadline, we must consider the notice of appeal timely filed. Tex. R.App.P. 9.2. Accordingly, we have jurisdiction of this appeal.