Dismissed and Memorandum Opinion filed December 23, 2003









Dismissed and Memorandum Opinion filed December 23,
2003.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00827-CR

____________

 

MARCO ANTONIO CORONADO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 899,581

 



 

M E M O R A N D U M  
O P I N I O N








Appellant Marco Antonio Coronado pled guilty to two felony
offenses of aggravated robbery with a deadly weapon, namely a firearm.  On June 18, 2001, the trial court judge
sentenced appellant to thirty years= confinement.  Appellant did not file a motion for new
trial.  Hence, appellant=s deadline to perfect his
appeal was July 18, 2001.  He mailed a
pro se notice of appeal,[1]
postmarked July 17, 2001.  The Fourteenth
Court of Appeals received the notice on July 18, 2001.  However, it was not filed with the trial
court until August 1, 2001, forty-four days after the appellant was
sentenced.  Appellant did not file a
motion for extension of time to file his notice of appeal.  We dismiss this case for want of
jurisdiction.

A notice of appeal must be timely filed with the trial court
clerk.  Tex.
R. App. P. 25.2(b), (c)(1). 
Although the rule governing civil cases provides that if it is
mistakenly filed with the appellate court, the notice of appeal Ais deemed to have been filed
the same day with the trial court clerk,@ there is no analogous savings
provision with respect to criminal cases. 
Compare Tex. R. App. P. 25.1(a),
with Tex. R. App. P. 25.2(b),
(c).  Hence, a notice filed with the
appellate court in a criminal case within the appellate deadline is not deemed
filed the same day with the trial court. 
Thus, appellant=s filing of a notice with this
court had no effect on his time to file a notice of appeal with the trial
court.  

In this case, the notice of appeal was not received by the
trial court until August 1, 2001, forty-four days after the appellant was
sentenced.  Because he did not file a
motion for new trial, appellant=s notice of appeal was due to
be filed with the trial court thirty days after he was sentencedCJuly 18, 2001.  Appellant mailed his notice of appeal to the AClerk of Court@ at our physical address.  We received the notice on July 18, 2001, and
forwarded it to the trial court.  Even if
we were to conclude the notice was sent to the proper clerk and was properly
addressed[2]
on or before the last day for filing, appellant=s notice was received four days
beyond the ten additional days given for mailed documents in the Texas Rules of
Appellate Procedure.  Id.  








No rule of appellate procedure authorizes this court to
accept appellant=s late notice of appeal.  Rule 26.3 permits the appellate court to
extend the time to file a notice of appeal if within fifteen days after the
deadline for filing the notice of appeal, the appellant files the notice of
appeal in the trial court and files a motion to extend time.  Tex.
R. App. P. 26.3.  Although the
Texas Supreme Court has determined that a motion to extend time is implied when
a party, acting in good faith, files an instrument to perfect an appeal within
the fifteen-day period, the Court of Criminal Appeals has steadfastly held that
both the notice of appeal and a motion to extend must be filed within the
fifteen-day period.  Douglas v. State,
987 S.W.2d 605, 606 (Tex. App.CHouston [1st Dist] 1999, no
pet.) (discussing the divergent paths taken by the two highest appellate courts
in Texas regarding the perfection of appellate jurisdiction).  

Furthermore, rule 2, authorizing an appellate court to
suspend the operation of an appellate rule for good cause, has been held not to
authorize the suspension of the time limit for perfecting an appeal.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App.1998); Olivo
v. State, 918 S.W.2d 518, 523 (Tex. Crim. App.
1996); see also Oldham v. State, 977 S.W.2d 354, 359
(Tex.Crim.App.1998) (suspension or enlargement of appellate time limits
oversteps contemplated uses of rule 2).  A>The Rules of Appellate
Procedure do not establish courts of appeals= jurisdiction; they provide
procedures which must be followed by litigants to invoke the jurisdiction of
the courts of appeals so that a particular appeal may be heard.=@ Slaton, 981 S.W.2d at
210 (quoting Olivo, 918 S.W.2d at 523).  Thus, a notice of appeal, which complies with
the rules is essential to vest an appellate court with jurisdiction.  Id. 
AIf an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.@  Id. 


We are bound to follow the precedent of the Court of
Criminal Appeals in Olivo v. State and Slaton
v. State.  Accordingly, because his
notice of appeal was not timely filed with the trial court, we dismiss
appellant=s appeal for lack of
jurisdiction.

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed December 23, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P. 47.2(b)











[1]  In three points of error, appellant
claims (1) the evidence was factually insufficient to support a conviction for
aggravated robbery with a firearm because appellant testified at the
preliminary sentencing hearing that he used a BB gun to commit the robberies;
(2) the plea of guilty was not made voluntarily because appellant was unable to
read the admonishments, statements, and waivers, and was never informed orally
that he was pleading guilty to the use of a firearm; and (3) appellant received
ineffective assistance of counsel when his trial attorney failed to file a
motion to withdraw the pleas of guilty after appellant testified that he used a
BB gun rather than a firearm because appellant would have received a lesser
sentence for robbery.  





[2]  The rules provide that a mailed
document received within ten days after the filing deadline is considered
timely filed if, among other things, it was sent to the proper clerk and was
properly addressed.  Tex. R. App. P. 9.2(b).