Opinion issued August 5, 2004














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00728-CR
____________

RUTH BROOKS RICHERS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 943682



 
MEMORANDUM OPINION
               We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
Ruth Brooks Richers, and signed a final judgment in this case on April 20, 2004.
Richers did not file a motion for new trial, and therefore the deadline for filing a
notice of appeal was May 20, 2004, 30 days after sentencing. See Tex. R. App. P.
26.2(a)(1).

               Richers mailed her notice of appeal on June 1, 2004, 12 days after the
deadline, according to the postmark on the envelope. Because the notice of appeal
was mailed after the filing deadline, it did not comply with Rule 9.2 of the Texas
Rules of Appellate Procedure, the “mailbox rule.” See Tex. R. App. P. 9.2(b). In
addition, although Richers mailed the notice of appeal within the 15-day time period
for filing a motion for extension of time to file notice of appeal, she did not file a 
motion for extension of time. See Tex. R. App. P. 26.3.




               An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case, and we may not use Rule 2 or Rule 44.3 of the Rules of
Appellate Procedure to suspend the operation of other rules in this situation. Slaton
v. State, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996); Douglas v. State, 987 S.W.2d 605, 605-06 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). The Court of Criminal Appeals explained
in Olivo, 918 S.W.2d at 523:

When a notice of appeal, but no motion for extension of time, is
filed within the fifteen-day period, the court of appeals lacks
jurisdiction to dispose of the purported appeal in any manner
other than by dismissing it for lack of jurisdiction. In that
instance, a court of appeals lacks jurisdiction over the purported
appeal and, therefore, lacks the power to invoke Rule 2(b)[


] or
Rule 83[


] in an effort to obtain jurisdiction of the case. 
Consequently, a court of appeals may not utilize Rule 2(b) or
Rule 83 to create jurisdiction where none exists.

                

               We are without jurisdiction in this case to do anything other than to dismiss
it. We therefore dismiss the appeal for lack of jurisdiction.

               It is so ORDERED.

PER CURIAM

Panel consists of Justices Nuchia, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).