# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00473-CR
NO. 03-05-00474-CR
NO. 03-05-00475-CR

**The State of Texas, Appellant**

**v.**

**Lawrence Seward, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NOS. 699355, 699356 & 699357, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

After the municipal court of record dismissed three criminal complaints filed against appellee Lawrence Seward, the State appealed to the county court at law. *See* Tex. Gov't Code Ann. § 30.00014(a) (West 2004); Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2004-05). The appellate court affirmed the dismissals, and the State now seeks to appeal to this Court.[1]

The county court at law's judgment in these causes was rendered on June 22, 2005. The deadline for the State to perfect an appeal to this Court pursuant to article 44.01 was therefore July 7, 2005. *See* Tex. Code Crim. Proc. Ann. art. 44.01(d); Tex. R. App. P. 26.2(b). The State

---

[1] In cases appealed from a municipal court of record to a county court at law, "[t]he appellant has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and if the judgment is affirmed by the appellate court." Tex. Gov't Code Ann. § 30.00027(a) (West 2004). This statute does not authorize the instant appeals. The State asserts that the appeals are authorized by article 44.01(a)(1) and rule 25.2(a)(1). Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2004-05); Tex. R. App. P. 25.2(a)(1).

mistakenly attempted to file its notices of appeal in this Court. *See* Tex. R. App. P. 25.2(c)(1).[2] The notices were received by this Court on July 7, but they were not filed by the county clerk until July 9, 2005.[3]

In civil cases, a notice of appeal that is mistakenly filed with the court of appeals is deemed filed on the same day with the trial court clerk. Tex. R. App. P. 25.1(a). There is no comparable rule in criminal cases. *See Douglas v. State*, 987 S.W.2d 605, 605 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). There is no indication that the notices of appeal were mailed to the county clerk on or before July 7. *See* Tex. R. App. P. 9.2(b). Under the circumstances, we lack jurisdiction to dispose of the purported appeals in any manner other than by dismissing them for want of jurisdiction. *See State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992).

The appeals are dismissed.

_____

W. Kenneth Law, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: August 31, 2005

Do Not Publish

_____

[2] Under rule 25.2(c)(1), an appeal is perfected by filing a written notice of appeal "with the trial court clerk." Tex. R. App. P. 25.2(c)(1). To perfect an appeal to this Court from the county court at law sitting as an appellate court, we assume that the State was required to file its notice of appeal with the county clerk, not the municipal clerk.

[3] The county clerk has filed supplemental records containing copies of the notices of appeal bearing new file marks dated July 19, 2005.