Opinion issued November 10, 2005 
 



 
 
 
 
 
 
In The
Court of Appeals
For The
First District of Texas
____________
 
NO. 01-05-00350-CR
____________
 
FLOYD WILLIS WILEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 668988
 

 
 
MEMORANDUM OPINION
                We lack jurisdiction to hear this appeal. On January 20, 1994, appellant,
Floyd Willis Wiley, pleaded guilty to the charged offense. The trial court found
appellant guilty, deferred adjudication of his guilt, and placed him on community
supervision for ten years. On March 22, 1996, the trial court, on the state’s motion
and appellant’s signed confession, adjudicated appellant’s guilt and assessed
punishment at 18 years confinement. Appellant filed a notice of appeal on March 18,
2005. 

               Appellant’s deadline for filing a notice of appeal was April 22, 1996
because the 30th day after appellant was sentenced fell on a Sunday. See Tex. R.
App. P. 4.1(a), 26.2(a)(1). Appellant’s notice of appeal was almost nine years after
the deadline. An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

               In addition, the trial court’s certification of the defendant’s right of appeal
in this case reflects that it is a plea-bargain case, and appellant has no right of appeal. 
An appeal must be dismissed if there is no certification in the record showing that the
defendant has the right of appeal. Tex. R. App. P. 25.2(d).

               We therefore dismiss this appeal for lack of jurisdiction.

               All pending motions are denied as moot.

               It is so ORDERED.

PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Higley.

 
Do not publish. Tex. R. App. P. 47.2(b).