Opinion issued February 21, 2008 

 


 







In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-07-00778-CR 

 01-07-00779-CR

____________


GUSTAVO MARTINEZ, Appellant


V.


THE STATE OF TEXAS, Appellee








On Appeal from the 174th District Court 

Harris County, Texas

Trial Court Cause Nos. 1082182 and 1082383







MEMORANDUM OPINION


 We are without jurisdiction to entertain these appeals. Appellant, Gustavo
Martinez, was convicted by jury of the offenses of intoxication manslaughter and 
failure to stop and render assistance. The trial court sentenced appellant, and signed
a final judgment in each case on August 2, 2007.

 Appellant did not file a motion for new trial in either case, and therefore the
deadline for filing a notice of appeal was 30 days after sentencing. See Tex. R. App.
P. 26.2(a)(1). Because the deadline for filing appellant's notices of appeal fell on a
weekend, and the Monday following was a holiday, the deadline for filing the notices
of appeal was Tuesday, September 4, 2007. Tex. R. App. P. 4.1(a), 26.2(a)(1). 
Appellant filed his notices of appeal on September 6, 2007, two days after the
deadline. 

 An appellate court may extend the time to file the notice of appeal if, within 15
days after the deadline for filing the notice of appeal, the party files the notice of
appeal in the trial court and files a motion to extend time to file the notice of appeal
in the appellate court. Tex. R. App. P. 26.3. The deadline for appellant to file a
motion to extend time was September 19, 2007. Appellant's motion to extend time was
filed on October 15, 2007, 25 days after the deadline. Because it is untimely,
appellant's motion to extend time to file his notices of appeal is denied. 

 The Court of Criminal Appeals has held that the appellate courts lack
jurisdiction to hear the case unless both the notice of appeal and the motion to extend
time are filed within the prescribed fifteen-day time period. Slaton v. State, 981
S.W.2d 208, 209-10 (Tex. Crim. App. 1998). Although appellant filed his notice of
appeal within the 15 day time period, he did not timely file his motion to extend time. 
We therefore lack jurisdiction over these appeals. Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); Douglas v. State, 987 S.W. 2d 605, 605-606 (Tex.- Houston
1st Dist. 1999, no pet.).

 The appeals in trial court case numbers 1082182 and 1082383 are dismissed
for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).