Opinion issued August 14, 2008

















     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00656-CV




ANH VIET TRAN, Appellant

v.

CHARLES A. ROSENTHAL, JR., Appellee




On Appeal from the 334th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2006-68112




MEMORANDUM OPINION

          Appellant, Anh Viet Tran (“Tran”), a prison inmate, appeals pro se and in
forma pauperis from the dismissal of his claims against Charles A. Rosenthal, Jr.
(“Rosenthal”). Tran’s petition, alleging claims of false imprisonment and inverse
condemnation, was dismissed by the trial court as frivolous, pursuant to Chapter 14
of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (Vernon 2002). Tran appeals the dismissal. 
          We dismiss the appeal for lack of jurisdiction.
Background
          On June 22, 1995, Tran was found guilty of capital murder after a jury trial and
was sentenced to life in prison. We affirmed Tran’s conviction on June 6, 1996, and
the Texas Court of Criminal Appeals refused his petition for discretionary review.
Tran v. State, No. 01-95-00709-CR, 1996 WL 303563 (Tex. App.—Houston [1st
Dist.] June 6, 1996, pet. ref’d). Tran filed three state applications and one federal
petition for writ of habeas corpus, all of which were denied.


 
          On October 20, 2006, Tran filed the underlying lawsuit, alleging that he had
been “erroneously convicted of Capital Murder” and that he should be “exonerated
or pardoned” because a co-defendant’s affidavit establishes his innocence.


 By his
suit against Rosenthal, appellant sought seven million dollars in damages for “false
imprisonment” and “inverse condemnation.”
          On June 8, 2007, the trial court granted Rosenthal’s motion to dismiss Tran’s
suit on the basis that the suit was frivolous, pursuant to Section 14.003(a)(2). See id. 
Tran filed a notice of appeal on August 9, 2007. Rosenthal contends that Tran’s
notice of appeal is untimely and that, therefore, this Court does not have jurisdiction
to consider Tran’s appeal. We agree.
Discussion
          A notice of appeal must be filed within 30 days after the date that a judgment
is signed. Tex. R. App. P. 26.1. This time period is extended to 90 days if any party
files: (1) a motion for new trial; (2) a motion to modify judgment; (3) a motion to
reinstate under Texas Rule of Civil Procedure 165a; or (4) a request for findings of
fact and conclusions of law if findings and conclusions either are required by the
Rules of Civil Procedure or, if not required, could properly be considered by the
appellate court. Tex. R. App. P. 26.1(a). An untimely notice of appeal fails to vest
the appellate court with jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208,
209–10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996); Douglas v. State, 987 S.W.2d 605, 605–06 (Tex. App.—Houston [1st
Dist.] 1999, no pet.) 
          Here, the trial court signed the judgment in Tran’s case on June 8, 2007. 
Therefore, Tran’s notice of appeal was due by July 9, 2007. Tran filed his notice of
appeal on August 9, 2007, which was 31 days after the expiration of the time period
during which any notice of appeal must be filed. Tran did not move for extension of
time to file his notice of appeal. See Tex. R. App. P. 26.3 (allowing motion for
extension of time to file notice of appeal within 15 days of notice’s due date). 
Accordingly, Tran’s notice of appeal was untimely, and we lack jurisdiction to hear
this appeal.
Conclusion
          We dismiss the appeal for lack of jurisdiction. All other pending issues in this
appeal are overruled as moot. The Clerk is directed to issue the mandate. See Tex. R.
App. P. 18.1. 
PER CURIAM
 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.