Opinion issued May 7, 2009                                                                               








 
 




In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00089-CR
____________

EDDRINA CHRISTINE FONTENOT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court 
 Harris County, Texas
Trial Court Cause No. 1133494



 
MEMORANDUM OPINION
               On September 21, 2007, appellant, Eddrina Christine Fontenot, pleaded
guilty with an agreed recommendation from the State to the offense of aggravated
assault. The trial court followed the State’s recommendation, deferred a finding of
guilt, and placed appellant under terms and conditions of community service for
three years. During the thirty days following the trial court’s order placing appellant
on deferred adjudication, no motion for new trial, motion in arrest of judgment, or
notice of appeal was filed. See Tex. R. App. P. 21.4(a), 22.3, 26.2(a). Therefore, the
trial court’s order became final on Monday, October 22, 2007 because the thirtieth
day following the judgment fell on a weekend. See Tex. R. App. P. 4.1(a).
               On January 26, 2009, appellant filed in the trial court a document styled
“defendant’s original pro se notice of appeal” which states in part:
Now comes, the Defendant and pursuant to the provisions
of TEX. R. APP. PROC. 25.2 and within 30 days of
sentencing having been imposed or suspended in open
court or within 90 days of sentencing if a motion for new
trial has been filed, and excepts to and desires to appeal
form the judgment of guilt, sentence imposed, and other
appealable orders and rulings of the trial court, and files
this written notice of appeal to the Court of Appeals. 

This appeal followed.
               Appellant’s January 26, 2009, notice of appeal was filed 462 days after the
October 22, 2007 deadline. An untimely notice of appeal fails to vest the appellate
court with jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10
(Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);
Douglas v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no
pet.).
               Accordingly, we dismiss the appeal for lack of jurisdiction.
               Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Jennings, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).