*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-09-00184-CR

Arnulfo **ROSALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-0105
Honorable Philip A. Kazen Jr., Judge Presiding

PER CURIAM

Sitting:　　Catherine Stone, Chief Justice
　　　　　　Steven C. Hilbig, Justice
　　　　　　Marialyn Barnard, Justice

Delivered and Filed:　May 27, 2009

DISMISSED FOR LACK OF JURISDICTION

Arnulfo Rosales pled nolo contendere to burglary with intent to commit theft. As part of his plea bargain, Rosales signed a waiver of his right to appeal. The trial court imposed sentence in accordance with the agreement on December 8, 2008, and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Rosales timely filed a motion for new trial. His notice of appeal was therefore due March 9, 2009, or a motion for extension of time, filed in this court, and a notice of appeal, filed in the trial court, were due no later than March 24, 2009. *See* TEX. R. APP. P. 26.2, 26.3. Rosales did not file a notice of appeal by March 9, but filed one in the trial court on March 23, 2009. However, Rosales did not file a motion for extension of time to file the notice of appeal.

On April 21, 2009, we ordered Rosales to show cause why this appeal should not be dismissed. We advised Rosales the appeal would be dismissed unless he filed (1) a response showing this court has jurisdiction, (2) an amended certification showing Rosales has the right to appeal, and (3) proof the trial court has granted him permission to appeal. *See* TEX. R. APP. P. 25.2(d); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Rosales filed a response in which his court-appointed appellate attorney states she has reviewed the record and concluded that under rule 25.2, Rosales has no right of appeal. The response does not address the question of our jurisdiction.

When a notice of appeal is not filed within the time required by rule 26.2, both the notice of appeal and a motion for extension of time must be timely filed in the proper court in order to invoke this court's jurisdiction. *See* TEX. R. APP. P. 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.–Houston [1st Dist.] 1999, no pet). Although Rosales filed a notice of appeal in the trial court before the extended deadline, he did not file a motion for extension of time to file the notice of appeal. Accordingly, we dismiss the motion for extension of time and the appeal for want of jurisdiction.

PER CURIAM

Do not publish