In The

Court of Appeals

For The

First District of Texas


____________


NO. 01-09-00477-CR 

____________


 RANDY CRAIG AUSTIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1171194






MEMORANDUM OPINION (1)

 We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
Randy Craig Austin, and signed a final judgment in this case on August 25, 2008. (2)
Appellant did not file a motion for new trial, and therefore the deadline for filing
notice of appeal was September 24, 2008, 30 days after sentencing. See Tex. R. App.
P. 26.2(a)(1). 

 Appellant filed a notice of appeal on April 23, 2009, 421 days after the
deadline. An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.--Houston [1st Dist.] 1999, no pet.).

 Even if we were to construe appellant's notice of appeal filed on April 23, 2009
as a motion for an out-of-time appeal, neither the trial court nor this Court has
authority to grant an out-of-time appeal. The exclusive post-conviction remedy in
final felony convictions in Texas courts is through a writ of habeas corpus pursuant
to article 11.07 of the Code of Criminal Procedure. Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2008).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 We dismiss as moot any pending motions.

 It is so ORDERED.

PER CURIAM

Panel consists of Justices Keyes, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Hon. Don Stricklin presided. Trial counsel were Layton Duer for appellant and
Katie Warren for the State. No appellate counsel.
2. The record reflects that On August 25, 2008 appellant pleaded guilty to the third
degree felony offense of assault, family violence second offender and, in accordance
with his plea bargain agreement with the State, the trial court sentenced him that same
date to confinement for 4 years.