In The
Court of Appeals
For The
First District of Texas

____________

NO. 01-09-00559-CR 
____________

 DAVID CLEO RICHARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 498478



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
David Cleo Richard, and signed a final judgment in this case on June 29, 1988.



Appellant did not file a motion for new trial, and therefore the deadline for filing
notice of appeal was July 29, 1988, 30 days after sentencing. See Tex. R. App. P.
26.2(a)(1). 

            On June 9, 2009, a date 7,650 days after the deadline for filing a notice of
appeal, appellant filed a pro se notice of appeal. An untimely notice of appeal fails
to vest the appellate court with jurisdiction to hear the case. Slaton v. State, 981
S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); Douglas v. State, 987 S.W.2d 605, 605-06 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). Because appellant’s notice of appeal was
untimely filed, we lack jurisdiction to hear this appeal.

          Even if we were to construe appellant’s notice of appeal filed on June 9, 2009,
as a motion for an out-of-time appeal, neither the trial court nor this Court has
authority to grant an out-of-time appeal. The exclusive post-conviction remedy in
final felony convictions in Texas courts is through a writ of habeas corpus pursuant
to article 11.07 of the Code of Criminal Procedure. Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2008).

          Accordingly, we dismiss the appeal for lack of jurisdiction.

          We dismiss as moot any pending motions.

          It is so ORDERED.

PER CURIAM

Panel consists of Justices Keyes, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).