Opinion issued April 1, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00060-CR

———————————

BELINDA A.
JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 176th District Court  

 Harris County, Texas



Trial Court Case No. 1225764

 



 

MEMORANDUM OPINION  

          We
lack jurisdiction to hear this appeal. 
The trial court sentenced appellant, Belinda A. Johnson, and signed a
final judgment in this case on December 3, 2009.  Appellant did not file a motion for new
trial, and therefore the deadline for
filing notice of appeal was Monday, January 4, 2010, because the thirtieth day
after sentencing fell on a weekend.  See Tex.
R. App. P. 26.2(a); see also Tex. R. App. P. 4.1(a) (governing
computation of time when as here, last day of period falls on Saturday or
Sunday). 

          Appellant filed a notice of appeal on January
13, 2010, nine days after the deadline.  Notice
of appeal was deposited in the mail on January 6, 2010 according to the
postmark on the copy of the envelope included in the clerk’s record.  Because the notice of appeal was mailed after
the filing deadline, it did not comply with Rule 9.2 of the Texas Rules of
Appellate Procedure, the “mailbox rule.” 
See Tex. R. App. P. 9.2(b). 


          This Court may extend the time for
filing a notice of appeal, if within 15 days after the deadline for filing the
notice of appeal, the party files in the trial court a notice of appeal, and files
in this Court a motion for extension of time that complies with Rule 10.5(b) of
the Texas Rules of Appellate Procedure.  Tex. R. App. P. 26.3.  Although the notice of appeal in this case was
filed within the 15-day time period for filing a rule 26.3 motion for extension
of time, no such motion for extension of time was filed.  

          An untimely notice of appeal fails to
vest the appellate court with jurisdiction to hear the case.  Slaton
v. State, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); Douglas v. State,
987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

          We therefore dismiss the appeal for
lack of jurisdiction.

          Any pending motions are denied as
moot.

PER CURIAM

Panel
consists of Chief Radack, and Justices Alcala and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).