Opinion issued August 5, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00234-CR

———————————

Dondrick Deshon Christmas, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 268th District Court

Fort Bend County, Texas



Trial Court Case No. 50069

 



MEMORANDUM OPINION

          We lack jurisdiction to hear this
appeal.  The trial court sentenced
appellant, Dondrick DeShon Christmas, and signed a final judgment in this case
on December 15, 2009.[1]  Appellant did not file a motion for new
trial, and therefore the deadline for filing a notice of appeal was January 14,
2010, 30 days after sentencing.  See
Tex. R. App. P. 26.2(a)(1).

On February 17, 2010, twenty-eight days after the deadline
for filing his notice of appeal, appellant filed a document that included a
hand-written notation which states “Yes, I would like to appeal my case at this
time period.”  We construe the February
17th, 2010 document as a notice of appeal. 
An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case.  Slaton
v. State, 981 S.W.2d 208, 209–10 (Tex. Crim. App. 1998); Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas v. State,
987 S.W.2d 605, 605-06 (Tex. App.CHouston [1st Dist.] 1999, no pet.).

We therefore dismiss the appeal for lack of jurisdiction.

All pending motions are denied as moot.

It is so ORDERED.

PER CURIAM

Panel consists of Justices Keyes, Hanks, and Higley.

Do not publish. 
 Tex. R. App. P. 47.2(b).

 

 











[1]
  We
note that appellant, Dondrick Deshon Christmas, pleaded guilty to the offense
of aggravated assault, and in accordance with his plea bargain agreement with
the State, the trial court sentenced appellant to confinement for eight
years.  As part of appellant’s
plea-bargain agreement with the State, he signed a written waiver of appeal. On
December 15, 2009, the trial court certified that this case is “a plea-bargain
case and the defendant has no right to appeal” and that “the defendant has
waived the right of appeal.”  The
certification that appellant has no right of appeal, as shown on the “Trial
Court’s Certification of Right of Appeal” form signed by the trial court on
December 15, 2009, is supported by the record that shows that appellant has no
right of appeal due to the agreed plea bargain. 
See Tex. R. App. P.
25.2(a).  Also see, Tex. R. App. P. 25.2 (b).