MEMORANDUM OPINION

 

No. 04-11-00001-CR

 

Frank P. RANGEL,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 186th
Judicial District Court, Bexar County, Texas

Trial Court No. 2009CR6588

Honorable Maria
Teresa Herr, Judge Presiding

 

PER CURIAM

 

Sitting:          Catherine Stone,
Chief Justice

                     Karen
Angelini, Justice

                     Sandee
Bryan Marion, Justice

 

Delivered and
Filed:  March 2, 2011

 

DISMISSED FOR
WANT OF JURISDICTION

 

The trial court imposed
sentence in the underlying cause on November 29, 2010.  Because appellant did
not file a timely motion for new trial, appellant’s notice of appeal was due to
be filed in the trial court no later than December 29, 2010.  See Tex. R. App. P. 26.2.  Appellant mailed
a copy of his notice of appeal to this court in an envelope post-marked December
29, 2010.  This court received and filed the notice of appeal on December 30,
2010, which we then forwarded to the district clerk.  The notice of appeal was
not file-stamped by the district clerk until January 3, 2011, five days after
it was due.[1]

In Douglas v. State,
987 S.W.2d 605, 605 (Tex. App.—Houston [1st Dist.] 1999, no pet.), the
appellant mailed his notice of appeal to the court of appeals.  No motion for
extension of time to file the notice of appeal was filed and appellant’s notice
of appeal was not filed with the district clerk until four days after it was
due.  Douglas, 987 S.W.2d at 605.  Our sister court followed the
precedent of the Texas Court of Criminal Appeals in Olivo v. State, 918
S.W.2d 519 (Tex. Crim. App. 1996), which provides that an appellate court lacks
jurisdiction over an appeal of a criminal conviction in the absence of a
timely, written notice of appeal, and dismissed appellant’s appeal for want of
jurisdiction.  Id. at 605-06.

Because we agree that we
are bound to follow Olivo in this instance, see id., appellant’s
appeal is dismissed for want of jurisdiction. 

 

PER
CURIAM

DO NOT PUBLISH









[1]
Under Texas Rule of Appellate Procedure 9.2, a mailed document received within ten
days after the filing deadline is considered timely filed if, among other
things, it was sent to the proper clerk and properly addressed.  Tex. R. App. P. 9.2(b) (emphasis
added). The record establishes appellant did not properly address and mail a
notice of appeal to the district clerk in this case.