Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★ ★



## MEMORANDUM OPINION

No. 04-11-00001-CR

Frank P. **RANGEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR6588
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Sandee Bryan Marion, Justice

Delivered and Filed:  March 2, 2011

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence in the underlying cause on November 29, 2010. Because appellant did not file a timely motion for new trial, appellant's notice of appeal was due to be filed in the trial court no later than December 29, 2010.  *See* TEX. R. APP. P. 26.2. Appellant mailed a copy of his notice of appeal to this court in an envelope post-marked December 29, 2010.  This court received and filed the notice of appeal on December 30, 2010,

which we then forwarded to the district clerk. The notice of appeal was not file-stamped by the district clerk until January 3, 2011, five days after it was due.[1]

In *Douglas v. State*, 987 S.W.2d 605, 605 (Tex. App.—Houston [1st Dist.] 1999, no pet.), the appellant mailed his notice of appeal to the court of appeals. No motion for extension of time to file the notice of appeal was filed and appellant's notice of appeal was not filed with the district clerk until four days after it was due. *Douglas*, 987 S.W.2d at 605. Our sister court followed the precedent of the Texas Court of Criminal Appeals in *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996), which provides that an appellate court lacks jurisdiction over an appeal of a criminal conviction in the absence of a timely, written notice of appeal, and dismissed appellant's appeal for want of jurisdiction. *Id.* at 605-06.

Because we agree that we are bound to follow *Olivo* in this instance, *see id.*, appellant's appeal is dismissed for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] Under Texas Rule of Appellate Procedure 9.2, a mailed document received within ten days after the filing deadline is considered timely filed if, among other things, it was sent *to the proper clerk and properly addressed*. TEX. R. APP. P. 9.2(b) (emphasis added). The record establishes appellant did not properly address and mail a notice of appeal to the district clerk in this case.