**Opinion filed May 3, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00084-CR

_____

## BERNARDO  SANTAMARIA-CHAVEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37865**

## M E M O R A N D U M   O P I N I O N

The jury convicted Bernardo Santamaria-Chavez, appellant, of two counts of criminal solicitation of a minor, with Count I being a third-degree felony and Count II being a second-degree felony.  The jury assessed punishment at confinement for ten years and sixteen years, respectively.  We dismiss the appeal.

The clerk's record indicates that appellant's sentence was imposed on January 31, 2012, and that no motion for new trial was filed.  Appellant sent a notice of appeal to this court; it was received on February 29, 2012.  Per TEX. R. APP. P. 25.2(c)(1), this court received the notice of

appeal and sent it to the trial court clerk. The district clerk filed that notice of appeal on Monday, March 5, 2012, thirty-four days after the date sentence was imposed. Upon receiving the clerk's record, this court noted that it did not contain a timely filed notice of appeal. By letter dated April 3, 2012, this court notified the parties that the notice of appeal appeared to be untimely. We requested that appellant respond and show grounds for continuing this appeal. We also informed appellant that the appeal may be dismissed for want of jurisdiction.

Appellant filed a response in which he asserts that the notice of appeal was timely. Appellant first asserts that, because the notice of appeal was timely received in this court, it was timely filed pursuant to Rule 25.2(c). If this were a civil case, we would agree. TEX. R. APP. P. 25.1(a) provides that, in civil cases, a notice of appeal mistakenly filed in the appellate court "is deemed to have been filed the same day with the trial court clerk." However, there is no such provision for criminal cases. *See* Rule 25.2. In a criminal case, when a notice of appeal is received by an appellate court, it is not deemed to be filed with the trial court clerk. *Gomez v. State*, No. 07-06-00347-CR, 2006 WL 2588643 (Tex. App.—Amarillo Sept. 6, 2006, no pet.) (mem. op., not designated for publication); *Douglas v. State*, 987 S.W.2d 605, 605 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Rule 25.2(c)(1) provides that the notice of appeal must be in writing and filed with the clerk of the trial court. Furthermore, we note that the mailbox rule, TEX. R. APP. P. 9.2(b), is of no help in this case because appellant did not mail the notice of appeal to the "proper clerk."

Appellant also asserts that he sent a copy of the notice of appeal by fax to the trial court clerk on February 28, 2012. Appellant directs this court to "see [the] enclosed confirmation" of the fax. The confirmation reflects, however, that the fax was addressed to and sent to the district attorney, not the district clerk. The district clerk's office has confirmed that the only notice of appeal on file in the district clerk's office is the one sent by this court.

Pursuant to TEX. R. APP. P. 26.2, the notice of appeal was due to be filed within thirty days after the date the sentence was imposed in open court. Appellant's notice of appeal was not filed until thirty-four days after sentence was imposed and was, therefore, untimely. Appellant did not file a motion for extension of time as provided for in TEX. R. APP. P. 26.3. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we

have no jurisdiction, we must dismiss the appeal. We note, however, that appellant may be able to secure an out-of-time appeal by filing a postconviction writ pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

May 3, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.