Opinion filed May 3, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00084-CR 

                                                    __________

 

                   BERNARDO 
SANTAMARIA-CHAVEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR37865

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

The
jury convicted Bernardo Santamaria-Chavez, appellant, of two counts of criminal
solicitation of a minor, with Count I being a third-degree felony and Count II
being a second-degree felony.  The jury assessed punishment at confinement for
ten years and sixteen years, respectively.  We dismiss the appeal.  

            The
clerk’s record indicates that appellant’s sentence was imposed on January 31,
2012, and that no motion for new trial was filed.  Appellant sent a notice of
appeal to this court; it was received on February 29, 2012.  Per Tex. R. App. P. 25.2(c)(1), this court
received the notice of appeal and sent it to the trial court clerk.  The
district clerk filed that notice of appeal on Monday, March 5, 2012, thirty-four
days after the date sentence was imposed.  Upon receiving the clerk’s record,
this court noted that it did not contain a timely filed notice of appeal.  By
letter dated April 3, 2012, this court notified the parties that the notice of
appeal appeared to be untimely.  We requested that appellant respond and show
grounds for continuing this appeal.  We also informed appellant that the appeal
may be dismissed for want of jurisdiction.  

Appellant
filed a response in which he asserts that the notice of appeal was timely.  Appellant
first asserts that, because the notice of appeal was timely received in this
court, it was timely filed pursuant to Rule 25.2(c).  If this were a civil
case, we would agree.  Tex. R. App. P.
25.1(a) provides that, in civil cases, a notice of appeal mistakenly filed in
the appellate court “is deemed to have been filed the same day with the trial
court clerk.”  However, there is no such provision for criminal cases.  See
Rule 25.2.  In a criminal case, when a notice of appeal is received by an
appellate court, it is not deemed to be filed with the trial court clerk.  Gomez
v. State, No. 07-06-00347-CR, 2006 WL 2588643 (Tex. App.—Amarillo Sept. 6,
2006, no pet.) (mem. op., not designated for publication); Douglas v. State,
987 S.W.2d 605, 605 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  Rule
25.2(c)(1) provides that the notice of appeal must be in writing and filed with
the clerk of the trial court.  Furthermore, we note that the mailbox rule, Tex. R. App. P. 9.2(b), is of no help
in this case because appellant did not mail the notice of appeal to the “proper
clerk.”  

Appellant
also asserts that he sent a copy of the notice of appeal by fax to the trial
court clerk on February 28, 2012.  Appellant directs this court to “see [the]
enclosed confirmation” of the fax.  The confirmation reflects, however, that
the fax was addressed to and sent to the district attorney, not the district
clerk.  The district clerk’s office has confirmed that the only notice of
appeal on file in the district clerk’s office is the one sent by this court.  

Pursuant
to Tex. R. App. P. 26.2, the
notice of appeal was due to be filed within thirty days after the date the
sentence was imposed in open court.  Appellant’s notice of appeal was not filed
until thirty-four days after sentence was imposed and was, therefore, untimely. 
Appellant did not file a motion for extension of time as provided for in Tex. R. App. P. 26.3.  Absent a timely
notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to
entertain an appeal.  Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App.
1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996); Rodarte
v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993).  Because we have no
jurisdiction, we must dismiss the appeal.  We note, however, that appellant may
be able to secure an out-of-time appeal by filing a postconviction writ
pursuant to Tex. Code Crim. Proc. Ann.
art. 11.07 (West Supp. 2011).

This
appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

May 3, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.