Opinion issued May 3, 2012

 

 



 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-06-01046-CR

____________

 

STEPHANIE ANNE SHILL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 



On Appeal from the County Court at Law No. 2 

 Fort Bend
County, Texas

Trial Court Cause No. 06-CCR-124814

 

 

 



MEMORANDUM  OPINION

              This
is an appeal from the county court at law’s action in dismissing appellant’s
attempted appeal from the municipal court for a trial de novo and issuing 








a writ of procedendo[1] to the municipal court.  Because we lack jurisdiction, we dismiss the
appeal.  

              On
June 14, 2006, appellant, Stephanie Shill, pleaded no contest to a
driving-without-insurance citation in the Municipal Court of Sugar Land, Fort
Bend County, Texas.  The trial court
found appellant guilty and assessed punishment at a $250 fine.  Appellant posted a $250 appeal bond, which
the municipal court declined to approve because it did not comply with Tex. Code Crim. Proc. art. 45.0425
(Vernon 2006).  Another appeal bond in
the amount of $500 was later filed. Appellant also filed a notice of appeal
seeking trial de novo, which was docketed in the County Court at Law Number
Two.

              The
State moved for a writ of procedendo, arguing that the appeal bond “failed to
meet the statutory requirements for perfecting an appeal, therefore, the appeal
is defective.”  On September 18, 2006,
the county court at law granted the State’s motion, dismissed the attempted
appeal for trial de novo, and issued a writ of procedendo to the municipal
court.  It is this order that gives rise
to the present appeal.

              However,
the county court at law signed the order on September 18, 2006.  Appellant did not file a motion for new
trial, and therefore the deadline for filing a notice of appeal was October 18,
2006, 30 days the trial court’s order.  See
Tex. R. App. P. 26.2(a)(1). 
Appellant also filed a motion for extension of time to file a notice of
appeal, which would have extended her period for filing a notice of appeal for
an additional 15 days, or until November 2, 2006.  See Tex.
R. App. P. 26.3.

              Appellant
filed her notice of appeal on November 7, 2006, five days after the
deadline.  Even if we were to assume that
the notice of appeal was deposited in the mail on November 3, 2006—the date
upon which it was signed and the date appearing on its certificate of service—it
would nonetheless be one day late. A notice of appeal mailed after the filing
deadline does not comply with Rule 9.2 of the Texas Rules of Appellate
Procedure, the “mailbox rule.” See Tex.
R. App. P. 9.2(b).

              An
untimely notice of appeal fails to vest the appellate court with jurisdiction
to hear the case.  Slaton v. State,
981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas v. State, 987 S.W.2d
605, 605–06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

              To
the extent that appellant claims she did not have notice of the trial court’s
judgment, we note that Rule 4.2 of the Texas Rules of Appellate Procedure,
which provides for additional time when a party has no notice of an order or
judgment, applies only to civil cases.  See
Tex. R. App. P. 4.2. 

              We  grant the State’s motion and dismiss the
appeal for lack of jurisdiction.

              It
is so ORDERED.

PER CURIAM

Panel consists of Chief Justice
Radack and Justices Higley and Brown. 

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]         This writ
is defined in Black’s Law Dictionary 1367 (4th Edition 1968) as “a writ by
which a cause which has been removed from an inferior to a superior court by
certiorari or otherwise is sent down to the same court, to be proceeded in
there, where it appears to the superior court that it was removed on
insufficient grounds.”