**Opinion filed November 16, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00302-CR
_____

**INGRID DAMALIA BITTLE, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**

**Coryell County, Texas**

**Trial Court Cause No. 11-61631**

### M E M O R A N D U M   O P I N I O N

Appellant, Ingrid Damalia Bittle, attempted to file a pro se appeal from her September 6, 2012 conviction for failure to identify by giving false information. We dismiss the appeal.

When the clerk's record was received in this court on October 23, 2012, the clerk of this court noted the absence of a notice of appeal and contacted the county clerk. The county clerk notified this court by letter dated October 24, 2012, that her office had not received a notice of appeal from Bittle and that the only notice she had of the appeal was a letter sent to her by the Tenth Court of Appeals stating that an appeal had been filed. The documents sent to this court

when it was transferred indicate that Bittle sent a notice of appeal to the Third Court of Appeals in Austin requesting that the court of appeals review the case and acquit her. The Third Court received Bittle's notice of appeal on September 17, 2012, and forwarded it to the Tenth Court of Appeals in Waco, who filed Bittle's notice of appeal on September 19, 2012, and sent a letter to the county clerk notifying her that an appeal had been filed. Bittle's notice of appeal was apparently not forwarded to the trial court clerk.

Upon receiving the clerk's record, we notified Bittle by letter that a notice of appeal had not been filed with the county clerk in accordance with TEX. R. APP. P. 25.2(c)(1) and that her appeal was subject to dismissal. We requested that Bittle respond on or before November 5, 2012, and show grounds to continue the appeal. Bittle has not responded.

Pursuant to Rule 25.2(c)(1), a notice of appeal must be filed with the trial court clerk. In a criminal case, when a notice of appeal is received by an appellate court, it is not deemed to be filed with the trial court clerk. *Gomez v. State*, No. 07-06-0347-CR, 2006 WL 2588643 (Tex. App.—Amarillo Sept. 6, 2006, no pet.) (mem. op., not designated for publication); *Douglas v. State*, 987 S.W.2d 605, 605 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Because a motion for new trial was not timely filed, Bittle's notice of appeal was due to be filed within thirty days after September 6, 2012, the date sentence was imposed. TEX. R. APP. P. 26.2. Thus, by the time that this court became aware of the problem, the deadline for filing the notice of appeal had passed. *See* TEX. R. APP. P. 26.2, 26.3.

Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

Accordingly, this appeal is dismissed for want of jurisdiction.


PER CURIAM

November 16, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.