Opinion issued August 28, 2018



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-18-00524-CR

### NO. 01-18-00526-CR

_____

**EDGAR BENJAMIN GREEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th and 182nd District Courts**
**Harris County, Texas**
**Trial Court Case Nos. 974325 & 533781**

---

## MEMORANDUM OPINION

Appellant, Edgar Benjamin Green, pleaded guilty in 1989 to the second-degree felony offense of possession of a controlled substance, namely cocaine, in the underlying trial court cause number 533781, for which the trial court adjudicated

him guilty and assessed his punishment at two years' confinement on July 20, 1989.[1] Appellant later pleaded guilty in 2004 to the first-degree felony offense of possession with intent to deliver a controlled substance, namely cocaine, weighing more than 4 grams and less than 200 grams by aggregate weight, in the trial court cause number 974325, for which the trial court assessed his punishment at five years' confinement on February 13, 2004.[2]  Appellant did not file his pro se notices of appeal until June 12, 2018, and was appointed counsel only in the 01-18-00526-CR case.[3]  We dismiss these appeals for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, or within ninety days after the sentence is imposed if the defendant has timely filed a motion for new trial.  *See* TEX. R. APP. P. 26.2(a).  The time for filing a notice of appeal may be extended if, within fifteen days of the deadline for filing the notice of appeal, an appellant files both a notice of appeal and a motion for an extension of time to file the notice of appeal.  *See* TEX. R. APP. P. 26.3; *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999,

---

[1]     *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011); TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (d) (West 2010).

[2]     *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011); TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a), (d) (West 2010).

[3]     Appellate cause number 01-18-00524-CR; trial court cause number 974325.
        Appellate cause number 01-18-00526-CR; trial court cause number 533781.

no pet.)) ("The limited, 15-day extended time period applies to both the notice and the motion for extension; both must be filed within the 15-day time period."). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgments of conviction in each case on July 20, 1989, in trial court cause number 533781, and February 13, 2004, in trial court cause number 974325, and imposed the sentences on those dates. Appellant did not timely file a motion for new trial, making his notice of appeal due by August 21, 1989, in the first case, and March 15, 2004, in the second case. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's notices of appeal were not filed until June 12, 2018, nearly twenty-nine years after the first sentence was imposed and more than fourteen years after the second sentence was imposed and, thus, both were filed untimely. *See* TEX. R. APP. P. 26.3; *Douglas*, 987 S.W.2d at 606. Thus, under these circumstances, we can take no action other than to dismiss these appeals for want of jurisdiction.[4] *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

---

[4] Moreover, even if appellant had timely appealed, these appeals must be dismissed because the trial court's certifications, in each case, stated that these were plea-bargained cases and that he had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2),

Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

(d). The clerk's records, filed in this Court in each case, supports the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).