Opinion issued July 2, 2009







     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-08-00350-CR 
           01-08-00351-CR 
           01-08-00352-CR 
         01-08-00353-CR




MARK EVAN PIPKINS Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 43360, 43361, 43362, 43363




MEMORANDUM OPINION 
          We lack jurisdiction to hear these appeals. The trial court sentenced appellant,
Mark Evans Pipkin, and signed a final judgment in trial court cause numbers 43360,
43361, 43362, 43363 on November 20, 2007,


 and therefore the deadline for filing
a notice of appeal for these cases was 30 days after sentencing, December 20, 2007. 
See Tex. R. App. P. 26.2(a)(1). 
           On April 8, 2008, 110 days after the deadline for filing a notice of appeal,
appellant filed a notice of appeal in each case. An untimely notice of appeal fails to
vest the appellate court with jurisdiction to hear a case. Slaton v. State, 981 S.W.2d
208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996); Douglas v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). Because appellant’s notices of appeal were untimely filed in
each case, we lack jurisdiction to hear the appeals.



          Even if we were to construe appellant’s notice of appeal filed on April 8, 2008
as motion for out-of-time appeal for these cases, neither the trial court nor this Court
has authority to grant out-of-time appeals. The exclusive post-conviction remedy in
final felony convictions in Texas courts is through a writ of habeas corpus pursuant
to article 11.07 of the Code of Criminal Procedure. Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2008).
          Accordingly, the appeals in trial court cause numbers 43360, 43361, 43362,
and 43363 are dismissed for lack of jurisdiction.
          We dismiss as moot any pending motions.
          It is so ORDERED.
PER CURIAM
Panel consists of Chief Justice Radack, and Justices Alcala and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).