Opinion issued July 16, 2009






In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00268-CR 
_____ 
____________

 RANDY LORINE CARROLL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 77th District Court
Limestone County, Texas
Trial Court Cause No. 11223-A



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
Randy Lorine Carroll, and signed a final judgment in this case on January 28, 2008.



Appellant did not file a motion for new trial, and therefore the deadline for filing
notice of appeal was February 27, 2008, 30 days after sentencing. See Tex. R. App.
P. 26.2(a)(1). 

           Appellant filed a document that the trial court construed as a notice of appeal
on March 4, 2008, 6 days after the deadline for filing a notice of appeal. Appellant
filed another document, construed by the Limestone County District Clerk’s Office
as a notice of appeal, on March 14, 2008, 16 days after the deadline for filing a notice
of appeal. An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996); Douglas v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.]
1999, no pet.).

          Even if we were to construe appellant’s notice of appeal filed on March 4,
2008no as a motion for an out-of-time appeal, neither the trial court nor this Court has
authority to grant an out-of-time appeal. The exclusive post-conviction remedy in
final felony convictions in Texas courts is through a writ of habeas corpus pursuant
to article 11.07 of the Code of Criminal Procedure. Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2008).

          Appellant’s court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that this appeal is frivolous and without merit. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). However, if an appeal
is not timely perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal. See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.1998). 

          We dismiss as moot any pending motions.

          It is so ORDERED.

PER CURIAM

Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).