In The
Court of Appeals
For The
First District of Texas


____________

NO. 01-09-00935-CR 
____________

 GARY RUSSELL BURKE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1229161



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
Gary Russell Burke, and signed a final judgment in this case on August 24, 2009. 
Appellant did not file a motion for new trial, and therefore the deadline for filing
notice of appeal was September 23, 2009, 30 days after sentencing. See Tex. R. App.
P. 26.2(a)(1). 

           Appellant filed a notice of appeal on October 20, 2009, 27days after the
deadline. Notice of appeal was deposited in the mail on October 7, 2009, according
to the postmark on the copy of the envelope included in the clerk’s record. Because
the notice of appeal was mailed after the filing deadline, it did not comply with the
“mailbox rule.” See Tex. R. App. P. 9.2(b). Although the notice of appeal was filed
within the 15-day time period for filing a motion for extension of time to file notice
of appeal, no such motion for extension of time was filed. Tex. R. App. P. 26.3; see
Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas v. State, 987 S.W.2d 605, 605-06
(Tex. App.—Houston [1st Dist.] 1999, no pet.).

          Even if we were to construe appellant’s notice of appeal as a motion for an
out-of-time appeal, neither the trial court nor this Court has authority to grant an out-of-time appeal. The exclusive post-conviction remedy in final felony convictions in
Texas courts is through a writ of habeas corpus pursuant to article 11.07 of the Code
of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2009); Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App.
1991); Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009).

          Accordingly, we dismiss the appeal for lack of jurisdiction.

          We dismiss as moot any pending motions.

          It is so ORDERED.

PER CURIAM

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).