Opinion issued September 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

No.  01-10-00502-CR

        01-10-00503-CR

———————————

ERNEST WILLIAM TAYLOR, Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from the 228th District Court

Harris
County, Texas



Trial
Court Case No. 989866 and 1019588

 



MEMORANDUM OPINION

          We lack jurisdiction to hear these
appeals.  The trial court sentenced
appellant, Ernest William Taylor, and signed the final judgments in these cases
on July 29, 2005.  Appellant did not file
a motion for new trial.  The deadline for
filing a notice of appeal was Monday, August 29, 2005, 31 days after
sentencing.  See Tex. R. App. P. 26.2
(requiring notice of appeal to be filed within 30 days after day sentence is
imposed or suspended absent motion for new trial); Tex. R. App. P. 4.1 (if due date falls on Saturday, Sunday,
or legal holiday, period for filing extends to next day that is not Saturday,
Sunday or legal holiday).  

          In
general, without timely notice of appeal, the Court of Appeals lacks
jurisdiction to address the merits of the issued appealed.  Slaton v. State, 981 S.W.2d 208, 209-10
(Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996); Douglas v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston
[1st Dist.] 1999, no pet.).  However, the
Court of Appeals may nevertheless obtain such jurisdiction where a motion to
make an out-of-time appeal is properly granted. 
See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (“granting
an out-of-time appeal restores the pendency of the direct appeal”).

          Appellant
previously appealed to this Court regarding his sentences in these cause
numbers, and a memorandum opinion dismissing cause numbers 01-05-01044-CR and
01-05-01045-CR was issued December 1, 2005. 
The current notices of appeal concern the trial court’s “denial of
[appellant’s] motion for out of time appeal to the appeals court.”

          A
motion requesting the right to make an out-of-time appeal may be granted as
part of an application for a writ of habeas corpus.  See
Ex parte Garcia, 988 S.W.2d 240,
240-41 (Tex. Crim. App. 1999).  While an
application for a writ of habeas corpus must be filed with the convicting trial
court, which may make certain findings, the Court of Criminal Appeals is not
bound by those findings for it alone has jurisdiction to grant habeas corpus
relief to a defendant convicted of a felony imposing a penalty other than death.
 See
Tex. Code. Crim. Proc. art. 11.07
§§
3-5 (Vernon 2005); Torres, 943 S.W.2d
at 476 (Tex. Crim. App. 1997); Ater v.
Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (Court
of Criminal Appeals has exclusive authority to grant post conviction relief).  Accordingly, we lack jurisdiction to review
the trial court’s preliminary denial of appellant’s motion for out of time
appeal. See Guerra v. State, No. 13-10-00045-CR, 2010 WL 3417851,
at *1 (Tex. App.—Corpus Christi Aug. 31, 2010, no. pet. h.) (mem. op., not
designated for publication); Hiatt v.
State, No. 04-08-00685-CR, 2008 WL 4500236, at *1 (Tex. App.—San Antonio
2008, no. pet.) (mem. op, not designated for publication).

          We
therefore dismiss the appeals for lack of jurisdiction.

          All
pending motions are denied as moot.

          It
is so ORDERED.

PER CURIAM

Panel consists of Justices Jennings,
Alcala, and Sharp. 

Do not publish.  Tex.
R. App. P. 47.2(b).