Opinion issued October 28, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00465-CR

———————————

SAMSOM
PEREZ CASIANO, Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from the 208th District Court

Harris
County, Texas



Trial
Court Case No. 1178978

 



MEMORANDUM OPINION

              We lack jurisdiction over this
appeal.  Appellant was sentenced on
October 23, 2009.  He timely filed a
motion for new trial on November 10, 2009, which was within 30 days of the
sentence.  See Tex. R. App. P.
21.4(a).  Because he filed a timely
motion for new trial, appellant had 90 days after the day sentence was imposed
to file his notice of appeal.  See Tex.
R. App. P. 26.2(a).  Appellant,
therefore, was required to file his notice of appeal on or before January 21,
2010.  The clerk’s record contains a
written notice of appeal filed April 15, 2010, which is 84 days beyond the
required filing date.

              Appellant’s
attorney for this appeal contends (1) the trial court took “judicial notice”
that a notice of appeal was timely filed but lost; (2) appellant’s actions were
sufficient to advise the court of his notice of appeal; (3) the trial court
gave appellant permission to file an out-of-time appeal; and (4) he was
appointed to represent appellant on appeal on December 8, 2009.  Appellant’s attorney refers to the trial
court’s hearing that was held on April 21, 2010.  At that time, appellant’s attorney
represented to the court that “there was a notice of appeal in the clerk’s
file.  It evidently was unsigned and was
never processed.”  The court granted
appellant’s attorney’s request for an “out-of-time notice of appeal.”  The only notice of appeal in the appellate
record is dated April 15, 2010, and it is unsigned.  

                   We
must determine whether the actions taken by appellant were sufficient to
constitute as a notice of appeal.  The
Texas Rules of Appellate Procedure require a notice of appeal “must be given in
writing and filed with the trial court clerk.” 
Tex. R. App. P. 25.2(c)(1).  “Notice is sufficient if it shows the party’s
desire to appeal from the judgment.”  Tex. R. App. P. 25.2(c)(2).  An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case.  Slaton
v. State, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas v. State, 987 S.W.2d
605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

              A
motion requesting the right to make an out-of-time appeal may be granted as
part of an application for a writ of habeas corpus.  See
Ex parte Garcia, 988 S.W.2d 240,
240-41 (Tex. Crim. App. 1999).  While an
application for a writ of habeas corpus must be filed with the convicting trial
court, which may make certain findings, the Court of Criminal Appeals is not
bound by those findings for it alone has jurisdiction to grant habeas corpus
relief to a defendant convicted of a felony imposing a penalty other than
death.  See Tex. Code. Crim. Proc.
art. 11.07 §§ 3-5 (Vernon 2005); Torres,
943 S.W.2d at 476 (Tex. Crim. App. 1997); Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)
(Court of Criminal Appeals has exclusive authority to grant post conviction
relief).  Accordingly, we lack
jurisdiction to review the trial court’s preliminary denial of appellant’s
motion for out of time appeal. See Guerra v. State, No. 13-10-00045-CR, 2010 WL 3417851,
at *1 (Tex. App.—Corpus Christi Aug. 31, 2010, no. pet. h.) (mem. op., not
designated for publication); Hiatt v.
State, No. 04-08-00685-CR, 2008 WL 4500236, at *1 (Tex. App.—San Antonio
2008, no. pet.) (mem. op., not designated for publication).

              We
therefore dismiss the appeal for lack of jurisdiction.

              All
pending motions are denied as moot.

              It
is so ORDERED.

PER CURIAM

Panel consists of Justices Keyes, Higley
and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).