**Opinion issued November 1, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00052-CR

_____

**HENRY EARL TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-66968**

---

## MEMORANDUM OPINION ON REHEARING

We originally issued our memorandum opinion in this appeal on August 2,

2012. Appellant, Henry Earl Taylor, has filed a motion for rehearing. We deny

the motion for rehearing, vacate our earlier judgment, withdraw our previous opinion, and issue this opinion in its place.

After Taylor was charged with evading arrest with a motor vehicle, he waived indictment, pleaded no contest, and received two years' deferred adjudication community supervision. In March 2008, the State filed a motion to adjudicate his guilt. Taylor was arrested on September 28, 2010, over two years after his community supervision expired. After hearing the State's motion, the trial court found true four of the allegations that Taylor violated his community supervision and imposed a sentence of two years' confinement in the state jail. In his sole issue on appeal, Taylor argues that his counsel was ineffective in failing to raise an available defense that may have resulted in the trial court's losing jurisdiction to hear the motion to adjudicate. We conclude we lack jurisdiction to hear Taylor's appeal.

Generally, a notice of appeal must be filed within thirty days after the day the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(1). Taylor's guilt was adjudicated on November 18, 2010. Taylor did not move for a new trial or otherwise extend his appellate deadlines. Therefore, Taylor's notice of appeal was due on December 18, 2010, thirty days after November 18, 2010. *See* TEX. R. APP. P. 21.4(a). Because December 18 was a Saturday, his deadline was extended until the following Monday, December 20, 2010. TEX. R. APP. P. 4.1(a).

2

His undated, hand-written notice of appeal was stamped received by this court one day after the deadline, on December 21, 2010. It was stamped filed by the district court on December 27, 2010. No certificate of service or envelope accompanied the notice of appeal.

Because the record did not demonstrate that the notice of appeal was timely filed, we requested that Taylor show grounds for continuing the appeal. In response, Taylor's appellate counsel did not contend that the notice of appeal was timely under the prisoner mailbox rule. *See Campbell v. State*, 320 S.W.3d 338, 343–44 (Tex. Crim. App. 2010). Rather, he conceded that the notice of appeal was untimely but pointed out that he "relied on this Court's finding in [an] order, dated October 11, 2011, that appellant timely filed his *pro se* notice of appeal."

A notice of appeal that complies with Rule 26 is essential to vest this court with jurisdiction. The Court of Criminal Appeals has expressly held that without a timely filed notice of appeal or a timely filed motion for extension of time, we cannot exercise jurisdiction over an appeal. *Slaton v. State*, 981 S.W.2d 208, 209–10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Douglas v. State*, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The incorrect statement in the October 11 abatement order cannot confer jurisdiction on this court where there is no notice of appeal that complies with Rule 26.

3

This appeal was originally dismissed for lack of jurisdiction on August 2, 2012. After Taylor filed a motion for rehearing arguing that he had mailed his notice of appeal to this Court before the deadline, this Court gave Taylor the opportunity to provide proof that he satisfied the prisoner mailbox rule and ordered him to file a written declaration regarding the circumstances surrounding the filing of his notice of appeal. Taylor filed an unsworn declaration, signed August 28, 2012, in which he stated "I placed my notice of appeal in an envelope and placed it in the mail slot on December 17, 2010. This was mailed from Joe Kegon State Jail." While the declaration states that Taylor mailed the notice of appeal by the deadline, it says nothing about whether it was properly addressed to the correct court. Without this information, the prisoner mailbox rule does not apply, and there is still nothing in the record demonstrating that Taylor's notice of appeal was timely filed. *See Campbell*, 320 S.W.3d at 342.

In addition, even if Taylor showed that he deposited the notice of appeal with prison officials for mailing to this Court in a properly addressed envelope on or before December 20, 2012, his notice of appeal would not be timely. "[B]ecause the notice of appeal was neither timely filed in the trial court nor properly addressed and mailed to the trial court clerk, and because it was unaccompanied by a motion for extension of time," this Court does not have jurisdiction over the appeal. *Douglas*, 987 S.W.2d at 605–06 (timely receipt of

4

notice of appeal in appellate court prior to appeal deadline does not confer jurisdiction under Texas Rule of Appellate Procedure 25.2). The receipt of a notice of appeal in this Court prior to the appeal deadline does not give this Court jurisdiction over a criminal appeal. *See id.* at 605. Even if Taylor's notice of appeal was deemed received in this Court prior to December 20, 2010 under the prisoner mailbox rule, that fact would not give this Court jurisdiction over the appeal, because nothing in the record shows that Taylor properly addressed and mailed the notice of appeal to the trial court clerk.

Because Taylor's notice of appeal was untimely, we lack jurisdiction to consider the merits of his appeal.

We dismiss this appeal for lack of jurisdiction.

All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

5