**Opinion filed November 16, 2012**



In The

# 𝕰𝖑𝖊𝖛𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## No. 11-12-00311-CR
_____

**COLBY ROSS THURMAN, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12720**

## M E M O R A N D U M   O P I N I O N

The trial court entered a judgment revoking the community supervision of Colby Ross Thurman, appellant, based upon his plea of true to the motion to revoke. We dismiss the appeal.

The clerk's record indicates that appellant's sentence was imposed on August 17, 2012, and that no motion for new trial was filed. Appellant sent a notice of appeal to this court; it was received on September 17, 2012. Per TEX. R. APP. P. 25.2(c)(1), this court received the notice of appeal and sent it to the trial court clerk. The district clerk filed that notice of appeal on September 24, 2012, thirty-eight days after the date sentence was imposed. Upon receiving the clerk's record, this court noted that it did not contain a timely filed notice of appeal. By letter

dated October 17, 2012, this court notified the parties that the notice of appeal appeared to be untimely. We requested that appellant respond on or before November 1, 2012, and show grounds for continuing this appeal. We also informed appellant that the appeal may be dismissed for want of jurisdiction. Appellant has not responded.

Although the notice of appeal was received in this court on the date that it was due, it was timely and properly filed pursuant to Rule 25.2(c)(1) with the trial court clerk. In a criminal case, when a notice of appeal is received by an appellate court, it is not deemed to be filed with the trial court clerk. *Gomez v. State*, No. 07-06-0347-CR, 2006 WL 2588643 (Tex. App.—Amarillo Sept. 6, 2006, no pet.) (mem. op., not designated for publication); *Douglas v. State*, 987 S.W.2d 605, 605 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Rule 25.2(c)(1) provides that the notice of appeal must be in writing and filed with the clerk of the trial court. Furthermore, we note that the mailbox rule, TEX. R. APP. P. 9.2(b), is of no help in this case because appellant did not mail the notice of appeal to the "proper clerk."

Pursuant to TEX. R. APP. P. 26.2, the notice of appeal was due to be filed within thirty days after the date the sentence was imposed in open court. Appellant's notice of appeal was not filed until thirty-eight days after sentence was imposed and was, therefore, untimely. Appellant did not file a motion for extension of time as provided for in TEX. R. APP. P. 26.3. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

This appeal is dismissed for want of jurisdiction.


PER CURIAM


November 16, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.