Opinion filed November 16,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00311-CR 

                                                    __________

 

                              COLBY
ROSS THURMAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 118th District Court

 

                                                          Howard
County, Texas

 

                                                      Trial
Court Cause No. 12720

 



 

                                            M
E M O R A N D U M   O P I N I O N

The
trial court entered a judgment revoking the community supervision of Colby Ross
Thurman, appellant, based upon his plea of true to the motion to revoke.  We
dismiss the appeal.  

            The
clerk’s record indicates that appellant’s sentence was imposed on August 17,
2012, and that no motion for new trial was filed.  Appellant sent a notice of
appeal to this court; it was received on September 17, 2012.  Per Tex. R. App. P. 25.2(c)(1), this court
received the notice of appeal and sent it to the trial court clerk.  The
district clerk filed that notice of appeal on September 24, 2012, thirty-eight
days after the date sentence was imposed.  Upon receiving the clerk’s record,
this court noted that it did not contain a timely filed notice of appeal.  By
letter dated October 17, 2012, this court notified the parties that the notice
of appeal appeared to be untimely.  We requested that appellant respond on or
before November 1, 2012, and show grounds for continuing this appeal.  We also
informed appellant that the appeal may be dismissed for want of jurisdiction.  Appellant
has not responded. 

Although
the notice of appeal was received in this court on the date that it was due, it
was timely and properly filed pursuant to Rule 25.2(c)(1) with the trial court
clerk.  In a criminal case, when a notice of appeal is received by an appellate
court, it is not deemed to be filed with the trial court clerk.  Gomez v.
State, No. 07-06-0347-CR, 2006 WL 2588643 (Tex. App.—Amarillo Sept. 6,
2006, no pet.) (mem. op., not designated for publication); Douglas v. State,
987 S.W.2d 605, 605 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  Rule
25.2(c)(1) provides that the notice of appeal must be in writing and filed with
the clerk of the trial court.  Furthermore, we note that the mailbox rule, Tex. R. App. P. 9.2(b), is of no help
in this case because appellant did not mail the notice of appeal to the “proper
clerk.”  

Pursuant
to Tex. R. App. P. 26.2, the
notice of appeal was due to be filed within thirty days after the date the
sentence was imposed in open court.  Appellant’s notice of appeal was not filed
until thirty-eight days after sentence was imposed and was, therefore, untimely. 
Appellant did not file a motion for extension of time as provided for in Tex. R. App. P. 26.3.  Absent a timely
notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to
entertain an appeal.  Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App.
1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996); Rodarte
v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993).  Because we have no
jurisdiction, we must dismiss the appeal.  

This
appeal is dismissed for want of jurisdiction.  

 

PER CURIAM

 

November 16,
2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]










[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.