**Opinion issued August 30, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-18-00492-CR**

———————————

**KHALIL ANDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1479711**

## MEMORANDUM OPINION

Appellant, Khalil Anderson, pleaded guilty to the first-degree felony offense

of aggravated robbery—deadly weapon with an agreed punishment recommendation

of fifteen years' confinement.[1] In accordance with his plea bargain with the State,

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2011).

the trial court adjudicated appellant guilty and assessed his punishment at fifteen years' confinement on January 27, 2016.[2]  Appellant filed a pro se out-of-time motion for new trial on March 1, 2018, but he claims that because the trial court denied it by operation of law on May 4, 2018, that rendered his appeal timely filed on May 9, 2018.  We dismiss this appeal for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, or within ninety days after the sentence is imposed if the defendant has timely filed a motion for new trial.  *See* TEX. R. APP. P. 26.2(a).  The time for filing a notice of appeal may be extended if, within fifteen days of the deadline for filing the notice of appeal, an appellant files both a notice of appeal and a motion for an extension of time to file the notice of appeal.  *See* TEX. R. APP. P. 26.3; *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("The limited, 15-day extended time period applies to both the notice and the motion for extension; both must be filed within the 15-day time period.").  A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996).

---

[2]  *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgment of conviction on January 27, 2016, and imposed the sentence that day. Appellant did not timely file a motion for new trial, making his notice of appeal due by February 27, 2016. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). To the extent appellant claims that because the trial court denied his out-of-time motion for new trial by operation of law on May 4, 2018, that rendered his appeal timely, his out-of-time motion for new trial was null and void and the trial court had no jurisdiction to consider it. *See Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989). Appellant's notice of appeal was not filed until May 9, 2018, more than two years after his sentence was imposed and, thus, was filed untimely. *See* TEX. R. APP. P. 26.3; *Douglas*, 987 S.W.2d at 606. Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction.[3] *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

---

[3] Moreover, even if appellant had timely appealed, this appeal must be dismissed because the trial court's certification stated that this was a plea-bargained case and that he had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The clerk's record, filed in this Court, supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).