Opinion issued August 31, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00381-CR

————————————

**JUAN JOSE GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Case No. 50712

## MEMORANDUM OPINION

After appellant, Juan Jose Garcia, pleaded guilty to the second-degree felony offense of aggravated assault—deadly weapon, with an agreed punishment recommendation of ten years' confinement, the trial court assessed his punishment

at ten years' confinement on March 17, 2011.[1] The trial court later granted appellant's request for shock probation, suspended his prison sentence, and placed him on community supervision for a period of ten years on August 10, 2011. After a hearing on the State's motion to revoke appellant's probated sentence, the trial court revoked appellant's community supervision, adjudicated his guilt, and assessed his punishment at ten years' confinement on January 22, 2018.[2] The trial court certified appellant's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant requested and was appointed counsel on March 20, 2018. However, appellant did not file his pro se notice of appeal until May 7, 2018.[3] We dismiss this appeal for want of jurisdiction and dismiss the motion to withdraw as moot.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, or within ninety days after the sentence is imposed if the defendant has timely filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a). The time for filing a notice of appeal may be extended if, within fifteen days of the deadline for filing the notice of appeal, an appellant files both a notice of appeal and a motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P.

---

[1]     *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011).

[2]     *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011).

[3]     Appellant's appointed counsel filed a motion to withdraw with an *Anders* brief and contended that this Court was without jurisdiction because the notice of appeal was untimely filed. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

26.3; *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("The limited, 15-day extended time period applies to both the notice and the motion for extension; both must be filed within the 15-day time period."). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgment revoking community supervision on January 22, 2018, and imposed the sentence that day. Appellant did not timely file a motion for new trial, making his notice of appeal due by February 21, 2018. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal was not filed until May 7, 2018, more than thirty days after his sentence was imposed and, thus, was filed untimely. *See* TEX. R. APP. P. 26.3; *Douglas*, 987 S.W.2d at 606. Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction.[4] *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

---

[4] Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals, but that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West 2015); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999) (per curiam).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).