**Opinion issued July 9, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00403-CR

———————————

**LABASIE V. JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1560920**

---

## MEMORANDUM OPINION

Appellant, Labasie V. Jones, pleaded guilty to the reduced class A misdemeanor offense of criminal mischief with an agreed punishment recommendation of 180 days' confinement in county jail.[1]  In accordance with his

---

[1]    *See* TEX. PENAL CODE ANN. § 28.03(a)(2), (b)(3)(A) (West 2011).

plea bargain, the trial court found appellant guilty and assessed his punishment at 180 days' confinement in county jail on April 11, 2018.[2] The trial court certified that appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant did not file his pro se notice of appeal until over a year later on May 21, 2019. We dismiss this appeal for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, or within ninety days after the sentence is imposed if the defendant has timely filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a). The time for filing a notice of appeal may be extended if, within fifteen days of the deadline for filing the notice of appeal, an appellant files both a notice of appeal and a motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3; *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("The limited, 15-day extended time period applies to both the notice and the motion for extension; both must be filed within the 15-day time period."). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

---

[2] *See* TEX. PENAL CODE ANN. § 12.21(2) (West 2011).

Here, the trial court signed appellant's judgment of conviction on April 11, 2018, and imposed the sentence that day. Appellant did not timely file a motion for new trial, making his notice of appeal due by May 11, 2018. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's notice of appeal was not filed until May 22, 2019, more than one year after his sentence was imposed and, thus, was filed untimely. *See* TEX. R. APP. P. 26.3; *Douglas*, 987 S.W.2d at 606. Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction.[3] *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Moreover, even if appellant had timely appealed, this appeal must be dismissed because the trial court's certification stated that appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The clerk's record, filed in this Court, supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).