Opinion issued August 20, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00222-CR
_____

**BERNARD SYKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1512316**

## MEMORANDUM OPINION

After appellant, Bernard Sykes, pleaded guilty to the second-degree felony offense of delivery of a controlled substance without an agreed punishment recommendation, and pleaded true to the two enhancement paragraphs, the trial court placed appellant on deferred adjudication community supervision for a period

of five years.[1]  After a hearing on the State's motion to adjudicate guilt and revoke appellant's community supervision, the trial court revoked appellant's community supervision, adjudicated his guilt, and assessed his punishment at twenty-seven years' confinement on November 14, 2018.[2]  The trial court certified appellant's right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  However, appellant did not file his pro se notice of appeal until March 19, 2019.  The trial court then appointed him appellate counsel.  The State has moved to dismiss this appeal for want of jurisdiction as untimely.  We agree, grant the motion, and dismiss this appeal for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, or within ninety days after the sentence is imposed if the defendant has timely filed a motion for new trial.  *See* TEX. R. APP. P. 26.2(a).  The time for filing a notice of appeal may be extended if, within fifteen days of the deadline for filing the notice of appeal, an appellant files both a notice of appeal and a motion for an extension of time to file the notice of appeal.  *See* TEX. R. APP. P. 26.3; *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("The limited, 15-day extended time period applies to both the notice and

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.104(a)(4), 481.114(a), (c) (West 2011).

[2]  *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011).

the motion for extension; both must be filed within the 15-day time period."). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgment revoking community supervision on November 14, 2018, and imposed the sentence that day. Appellant did not timely file a motion for new trial, making his notice of appeal due by December 14, 2018. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's pro se notice of appeal was not filed until March 19, 2019, 125 days after his sentence was imposed and, thus, was filed untimely. *See* TEX. R. APP. P. 26.3; *Douglas*, 987 S.W.2d at 606. Under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction.[3] *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

---

[3] Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals, but that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West 2015); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999) (per curiam).

3

Accordingly, we grant the State's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).