

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00628-CR

Roy **TIPPITT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR13262
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: October 30, 2019

DISMISSED FOR LACK OF JURISDICTION

Roy Tippitt seeks to appeal the judgment convicting him of aggravated robbery. The trial court imposed sentence on June 3, 2019 in accordance with a plea bargain. Tippitt did not file a motion for new trial. Therefore, a notice of appeal was due July 3, 2019, or the notice and a motion for extension of time to file, were due fifteen days later on July 18, 2019. TEX. R. APP. P. 26.2(a)(1), 26.3. Both the notice of appeal and a motion for extension of time must be timely filed in order to invoke this court's jurisdiction. *See* TEX. R. APP. P. 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.–Houston [1st Dist.] 1999,

no pet.). The record does not contain a notice of appeal, but Tippitt filed an untimely pro se motion for extension of time to file the notice of appeal on September 11, 2019.

We gave notice to appellant that the record raised an issue regarding our jurisdiction over the appeal and requested a response showing the appeal was timely filed. Appellant's court appointed appellate counsel filed a late response and a motion for leave to file the response. We grant leave to file the response. However, the response does not provide any argument that the motion for extension of time to file the notice of appeal was timely.

Because neither a notice of appeal nor a timely motion for extension of time to file a notice of appeal was filed, we lack jurisdiction to entertain the motion for extension of time to file the notice of appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss the motion for extension of time to file the notice of appeal for lack of jurisdiction.[1]

PER CURIAM

DO NOT PUBLISH

---

[1]Even if appellant had timely appealed, this appeal must be dismissed because the trial court's certification stated this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).